IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**VEHICLE INTERFACE TECHNOLOGIES, LLC,**

    Plaintiff,

v.

**JAGUAR LAND ROVER NORTH AMERICA, LLC,**

    Defendant.

Civil Action No. 14-339-RGA

MEMORANDUM OPINION

Brian E. Farnan, Esq., Farnan LLP, Wilmington, DE; Michael J. Farnan, Esq., Farnan LLP, Wilmington, DE; Alexander C.D. Giza, Esq., Russ, August & Kabat, Los Angeles, CA, Attorneys for the Plaintiff.

John W. Shaw, Esq., Shaw Keller LLP, Wilmington, DE; Stephanie E. O'Byrne, Esq., Shaw Keller LLP, Wilmington, DE; Matthew J. Moore, Esq., Latham & Watkins, LLP, Washington D.C.; Clement J. Naples, Esq., Latham & Watkins, LLP, New York, NY; Lisa K. Nguyen, Esq., Latham & Watkins, LLP, Menlo Park, CA, Attorneys for the Defendant.

August 6, 2014
Wilmington, Delaware

ANDREWS, U.S. DISTRICT JUDGE:

Presently before the Court is Defendant Jaguar Land Rover North America, LLC's Motion to Dismiss Plaintiff Vehicle Interface Technologies, LLC's Complaint. (D.I. 8). This matter has been fully briefed. (D.I. 9, D.I. 11, D.I. 13). For the reasons that follow, the Defendant's Motion to Dismiss is **DENIED**.

## I. Background

This dispute arises out of a previous lawsuit, asserted by the Plaintiff against the Defendant and other parties not included in the present case, for infringement of the 6,842,677 Patent (the "'677 Patent"). (D.I. 9 at 6). The Plaintiff's first lawsuit against the Defendant identified the Jaguar XJ as the Defendant's allegedly infringing product. (*Id.*). Towards the end of the fact discovery period, the Plaintiff served additional infringement contentions, alleging infringement of the '677 Patent by seven additional vehicle models. (*Id.*). The Defendant subsequently requested this Court to preclude the Plaintiff from including the additional vehicles as accused products in the suit. (*Id.*). This Court granted the Defendant's request on March 14, 2014. (*Id.*). On the same day this Court issued its order, the Plaintiff filed this lawsuit, which included the additional vehicle models excluded from the first lawsuit. (*Id.*).

The Defendant has moved to dismiss this lawsuit. (D.I. 8). The Defendant argues that this action is (1) barred by the doctrine of claim splitting and (2) is an impermissible collateral attack on this Court's previous order excluding the newly alleged infringing products from the first lawsuit.

## II. Legal Standard

The doctrine of claim splitting bars plaintiffs from maintaining two separate causes of action "involving the same subject matter at the same time in the same court against the same

1

defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Claim splitting is a form of *res judicata*. *Leonard v. Stemtech Int'l, Inc.*, 2012 WL 3655512, at *4-5 (D. Del. August 24, 2012). Accordingly, the bar against claim splitting requires the two claims to arise out of the same transactional facts. *Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2013 WL 361810, at *2-5 (N.D. Ill. January 30, 2013). In the context of patent infringement suits, this requires the accused products in the two suits to be "essentially the same." *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008). "Accused devices are 'essentially the same' where the differences between them are merely 'colorable' or 'unrelated to the limitations in the claim of the patent.'" *Id.* at 1324.

### III. Discussion

The Defendant previously relied on the differences between the accused products in arguing its position in the initial suit. In its letter brief opposing the Plaintiff's amended patent infringement contentions ("PIC"), the Defendant stated that the "newly accused displays operate differently than the originally accused Jaguar XJ display." (C.A. No. 1:12-cv-01285-RGA, D.I. 70 at 2). The Defendant further asserted that the newly identified products "use an LCD panel, but function differently than the XJ with respect to several critical claim limitations, including the important 'unique and static' limitation." (*Id.*). Because of these functional differences, the Defendant argued that allowing the Plaintiff to add new products at a late stage of discovery would significantly prejudice it. (*Id.*).

The Defendant now relies on the similarities between the Plaintiff's description of the products in the initial and present suit. (D.I. 9 at 17). The Defendant points out that the Plaintiff not only described the products in exactly the same way, but also grouped the products together indicating that they share the same features. (*Id.*). Thus, the Defendant argues that based on the Plaintiff's own admission, the products in the initial and present suits are "essentially the same."

(*Id*.). However, the Defendant was and is in the best position to assess the similarities and differences between the accused products in the previous and instant suits. This Court denied the Plaintiff's attempt to amend its PICs because the Defendant argued that functional differences between the previously accused product and the newly accused products would cause it undue prejudice. The Defendant cannot have its cake and eat it too. The Court thus does not find the doctrine of claim splitting to bar the current claim against the Defendant.

The Defendant also argues that the Plaintiff's current suit should be barred as it is an impermissible collateral attack on this Court's order precluding the Plaintiff from amending its previous PICs. (D.I. 9 at 7, 13). In support of its position, the Defendant cites cases where the courts ruled that it is "impermissible for a party to bring an action that would render a judicial order in a prior suit meaningless." (D.I. 9 at 13). However, the Defendant's reliance on the cited cases is misguided. My reading of these cases reveals factual differences that render them inapplicable to the case at hand. The Court will address each of these cases in turn.

First, the Defendant cites *Orion IP, LLC v. Home Depot USA, Inc.*, 2005 U.S. Dist. LEXIS 45632, at *1, 2 (E.D. Tex. Oct. 7, 2005). There, the District Court for the Eastern District of Texas found that the plaintiff was engaging in an impermissible collateral attack on the court's previous order. *Id*. The court had previously struck the plaintiff's amended PICs, with prejudice, reasoning that allowing new theories of infringement at an advanced stage of the case would be unduly prejudicial to the defendants. *Id*. The court also based its denial of the plaintiff's amended PICs on the violation of the court's patent rules, which stated that "an amendment of . . . Final Infringement Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." (D.I. 13, Ex. C at 3). In finding the plaintiff's second action to be an impermissible collateral attack on its prior order, the court cited *Glitsch Inc. v. Koch Eng'g Co.*

3

216 F.3d 1382, 1386 (Fed. Cir. 2000). In *Glitsch*, the plaintiff attempted to file a declaratory judgment asserting claims that it previously attempted to include in an amended answer in a previous suit (where it was the defendant). *Id.* at 1386. The plaintiff's attempt to amend its answer was previously denied by the district court because the issues raised had already been determined. *Id.* at 1383.

The *Glitsch* court dealt with a single patent infringement case where the plaintiff, disgruntled with the court's decision regarding its claim, attempted to reverse a district court ruling by filing a new action. *Id.* This is different from the instant case. Here, the Plaintiff was precluded from expanding its patent infringement contentions because it would have been unfairly prejudicial to the Defendant to do so. This Court's previous order was not any sort of judgment on the merits, and thus no reversal would occur from the Plaintiff filing a second claim. For this reason, *Glitsch* does not provide assistance to the Defendant in this case. Similarly, in *Orion IP*, the court had precluded the plaintiff from amending its PICs, with prejudice. 2005 U.S. Dist. LEXIS 45632, at *1, 2. However, *Orion IP* appears to have dealt with two lawsuits involving the same products. *Id.* Because this case deals with different products, *Orion IP* is not applicable, and a ruling that would allow the Plaintiff to continue this lawsuit would not be inconsistent with this Court's previous order.

The Defendant's reliance on *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 13-cv-03677-JST, slip op. at 3 (N.D. Cal. Oct. 22, 2013) is equally unconvincing. As the Plaintiff correctly points out, the *Icon* court found that the plaintiff's second claim would force the court to consolidate the two actions. *Id.* at 3. The court argued this would have the effect of negating its prior order excluding the alleged products in the second claim from the first claim. The significance of the *Icon* court's holding is the nullifying effect that the second claim would have

4

had on its previous order. Here, this Court does not find that the filing of a second action, alleging similar patent infringement against different products, requires consolidation of the two actions. Accordingly, there would be no negating effect resulting from the Plaintiff filing a second claim.[1]

The Court's previous order precluding the Plaintiff from amending its PICs was applicable to that case only. The cases cited by the Defendant involve situations where the second action would have the effect of reversing the court's decision in previous cases. This is not the case here. It therefore follows that this Court does not find the Plaintiff's current action to be an impermissible collateral attack.

## IV.   Conclusion

For the reasons discussed above, the Defendant's Motion to Dismiss is **DENIED**. (D.I. 8). A separate order will be entered.

---

[1] I do not anticipate the Plaintiff moving to join the two cases.

5