IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VEHICLE INTERFACE TECHNOLOGIES,
LLC,

          Plaintiff;

v.

JAGUAR LAND ROVER NORTH
AMERICA, LLC,

          Defendant.

Civil Action No. 12-1285-RGA
Civil Action No. 14-339-RGA

## MEMORANDUM OPINION

Richard D. Kirk, Esq., Stephen B. Brauerman, Esq., Vanessa R. Tiradentes, Esq., and Sara E.
Bussiere, Esq., BAYARD, P.A., Wilmington, DE; Robert E. Freitas, Esq. (argued) and Daniel J.
Weinberg, Esq., FREITAS ANGELL & WEINBERG LLP, Redwood Shores, CA, attorneys for
Plaintiff.

John W. Shaw, Esq. and David M. Fry, Esq., SHAW KELLER LLP, Wilmington, DE; Matthew J.
Moore, Esq. (argued), LATHAM & WATKINS LLP, Washington, D.C.; Clement J. Naples, Esq.,
LATHAM & WATKINS LLP, New York, NY; Lisa K. Nguyen, Esq., LATHAM & WATKINS
LLP, Menlo Park, CA, attorneys for Defendant.

December 28, 2015

*Richard G. Andrews*

**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is Defendant's Motion to Declare This Case Exceptional

Pursuant to 35 U.S.C. § 285. (D.I. 138; C.A. No. 14-339 D.I. 49).[1] The motion has been fully

briefed. (D.I. 139, 143, 145). The Court heard oral argument on October 13, 2015. (D.I. 147).

Defendant Jaguar Land Rover North America, LLC asks that this case be declared "exceptional"

so that it may be awarded attorneys' fees and non-taxable costs expended in defending against

the infringement claims of Plaintiff Vehicle Interface Technologies, LLC ("VIT"). (D.I. 139 at

6). For the reasons stated herein, Defendant's motion is **GRANTED**.

## I.  BACKGROUND

On October 5, 2012, VIT instituted actions against four defendants, alleging infringement

of U.S. Patent No. 6,842,677 ("the '677 patent"). (D.I. 1; C.A. No. 12-1283 D.I. 1; C.A. No. 12-

1284 D.I. 1; C.A. No. 12-1286 D.I. 1). In the present action, VIT alleged that one of Jaguar's

vehicle models infringed the '677 patent. (D.I. 1). In February 2014, shortly before the close of

fact discovery, VIT sought to amend its infringement contentions to accuse an additional seven

of Jaguar's vehicle models. (D.I. 70 at 10–12). Jaguar requested an order precluding VIT from

adding the seven additional vehicles. (D.I. 70 at 1). I granted Jaguar's request. (Oral Order

3/14/2014). VIT thereafter filed a second action against Jaguar, asserting infringement of the

'677 patent by the seven excluded vehicles. (C.A. No. 14-339 D.I. 1).

On October 3, 2014, Jaguar filed a motion for summary judgment on invalidity, arguing,

*inter alia*, that the '677 patent was anticipated by the 2001 Mercedes-Benz E-Class (the "2001

Mercedes"). (D.I. 88; D.I. 89 at 6). At oral argument on Jaguar's motion for summary

judgment, the parties agreed that construction of the claim term "page" was the only matter at

---

[1] Citations to "D.I. __" are citations to the docket in C.A. No. 12-1285 unless otherwise noted.

issue regarding whether the 2001 Mercedes anticipates the asserted claims of the '677 patent.

(D.I. 110 at 6). I adopted Jaguar's construction of "page" and held that the 2001 Mercedes

anticipates the asserted claims of the '677 patent. (D.I. 115 at 7, 11). Consequently, I granted

Jaguar's motion for summary judgment with respect to invalidity. (*Id.* at 11). On June 25, 2015,

I entered final judgment of invalidity of the '677 patent in C.A. No. 12-1285 and C.A. No. 14-

339. (D.I. 132; C.A. No. 14-339 D.I. 43). VIT filed a notice of appeal on July 10, 2015. (D.I.

135; C.A. No. 14-339 D.I. 46). Jaguar filed the present motion to declare this case exceptional

on July 30, 2015. (D.I. 138; C.A. No. 14-339 D.I. 49).

## II. LEGAL STANDARD

The Patent Act provides that "in exceptional cases [the court] may award reasonable

attorney fees to the prevailing party." 35 U.S.C. § 285. Thus, under the statute there are two

basic requirements: (1) that the case is "exceptional" and (2) that the party seeking fees is a

"prevailing party." The Supreme Court recently defined an "exceptional" case as "simply one

that stands out from others with respect to the substantive strength of a party's litigating position

(considering both the governing law and the facts of the case) or the unreasonable manner in

which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct.

1749, 1756 (2014). District courts should determine whether a case is "exceptional" in the

exercise of their discretion on a case-by-case basis, considering the totality of the circumstances.

*Id.* Relevant factors for consideration include "frivolousness, motivation, objective

unreasonableness (both in the factual and legal components of the case) and the need in

particular circumstances to advance considerations of compensation and deterrence." *Id*. at 1756

n.6 (internal quotations marks omitted). A movant must establish its entitlement to attorneys'

fees under § 285 by a preponderance of the evidence. *Id.* at 1758.

2

## III. ANALYSIS

VIT does not dispute that Jaguar is the prevailing party. Therefore, the only question is whether the case is "exceptional." Jaguar argues that this case is exceptional because it was objectively baseless and because VIT's litigation conduct was improperly motivated. (D.I. 139 at 6–7). Jaguar further argues that this case is exceptional because VIT should be deterred from engaging in frivolous litigation. (*Id.* at 7).

### A. Deterrence

Jaguar argues that the Court should declare this case exceptional because VIT and Empire IP, LLC should be deterred from initiating "[s]erial and [f]rivolous" litigation. (*Id.* at 19). Jaguar states that "[t]his is the third case that Empire IP, through its shell companies, has brought against [Jaguar]. And this is the third case where [Jaguar] has invalidated Empire IP's patents." (*Id.* at 20). Jaguar contends that Empire IP is engaged in a pattern of frivolous litigation, highlighting as examples three lawsuits filed by Empire IP against automobile manufacturers. (*Id.* at 11–12).

VIT responds that "the existence of other lawsuits filed by a litigant 'does not, without more, render [a] case exceptional' or 'mandate negative inferences about the merits or purpose of this suit.'" (D.I. 143 at 11 (alteration in original) (quoting *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1351 (Fed. Cir. 2015))). VIT argues that Jaguar has failed to establish that VIT engaged in misconduct in the prior litigation. (*Id.* at 10). Further, VIT argues that the existence of other lawsuits by a litigant should not be considered unless there is first evidence of misconduct specific to the litigation at issue, which it contends Jaguar has failed to produce. (*Id.* at 11). Above all, VIT argues that, even assuming for the sake of argument that Empire IP should be deterred, Jaguar has not established that VIT is a vexatious litigant. (*Id.*).

3

Where relevant, a court may consider the need to deter future frivolous litigation as a factor in making an exceptional case determination. *Octane Fitness*, 134 S. Ct. at 1756 n.6. The litigation conduct of other litigants in different litigation will only be considered in assessing the need for deterrence upon a showing of relevance by the party seeking an exceptional case determination. *See SFA Systems*, 793 F.3d at 1351; *Gametek LLC v. Zynga, Inc.*, 2014 WL 4351414, at *4 (N.D. Cal. Sept. 2, 2014). Jaguar contends that "Empire IP's gross and unrelenting pattern and practice of maintaining baseless actions" should be deterred. (D.I. 139 at 7). The link between VIT and Empire IP's litigation conduct, however, is speculative and unproven. Aside from a list of results in a third party's search for Empire IP litigation (D.I. 140-1 at 47, 50), Jaguar points to nothing in the record demonstrating that Empire IP owns VIT or controls its litigation strategy. Jaguar therefore has not established that a need for deterrence is a factor weighing in favor of declaring this case exceptional.

## B. Improper Motivation

Jaguar also argues that this case is exceptional because VIT had improper motivations in attempting to assert, two hours before the close of fact discovery, that an additional seven of Jaguar's vehicle models infringed the patent claims. (D.I. 139 at 19). Increasing the number of allegedly infringing products from one to eight dramatically increased Jaguar's exposure. (*Id.*). Jaguar contends that VIT's assertion of infringement by additional vehicle models was an effort to increase costs "to leverage the disproportionate cost of litigation to settlement." (*Id.*). VIT responds that there is no evidence that it drove up costs to coerce settlement. (D.I. 143 at 8).

VIT has never provided an explanation of its failure to allege infringement of the additional products prior to the last minute before the close of fact discovery. At the time, VIT represented to Jaguar that "[w]e amended/supplemented our disclosures as soon as reasonably

4

possible based on the information available to us, and within the fact discovery period." (D.I. 70-2 at 9). Although VIT did serve its amended contentions just before the close of fact discovery, its assertion that the amendments were made "as soon as reasonably possible based on the information available" does not hold up under scrutiny. VIT's amended contentions rely principally on webpages that appear to have been published in 2010, 2011, and 2012. (*E.g.*, D.I. 70 at 13 (citing URL including "2011" and "2012"); *Id.* at 14 ("2010"); D.I. 70-1 at 2 ("2011"), D.I. 70-1 at 3 ("2012")). VIT's amended infringement contentions also cite documents that Jaguar produced in September 2013, five months before VIT served the amended contentions. (D.I. 71 at 1). The Court allows a reasonable amount of time for a plaintiff to review and formulate supplemental contentions in response to discovery. *See Lambda Optical Solutions, LLC v. Alcatel-Lucent USA, Inc.*, 2013 WL 1776104, at \*4 (D. Del. Apr. 17, 2013). As noted above, however, VIT's amended contentions were principally "based on publicly available information." (D.I. 70 at 12 n.2). Additionally, five months was more than a reasonable time to amend the contentions to include information VIT itself characterized as the "limited documentation produced to date." (*Id.*). The circumstances strongly support the inference that VIT's assertion of infringement by seven additional vehicles two hours before the close of fact discovery was illegitimately motivated. VIT's explanation for its actions is implausible. Therefore, I conclude that VIT's improper motivation is a factor weighing in favor of declaring this case exceptional.

### C. VIT's Claim Construction Position

Jaguar argues, further, that the case is objectively baseless because VIT relied on an unsupportable claim construction. (D.I. 139 at 16). Jaguar moved for summary judgment on the ground that the asserted claims of the '677 patent are invalid as anticipated by the 2001

5

Mercedes. (D.I. 88 at 1). VIT's opposition to Jaguar's motion for summary judgment relied

exclusively on VIT's proposed construction of the term "page." (D.I. 110 at 7). Jaguar argues

that VIT's proposed construction of "page" was unreasonable and that the "only supportable

conclusion" was that the 2001 Mercedes anticipates the asserted claims of the '677 patent. (D.I.

139 at 17). VIT maintains that its proposed claim construction was reasonable. (D.I. 143 at 5,

15).

A case may be declared exceptional if plaintiff relied on a claim construction that is so

lacking in evidentiary support that it is objectively unreasonable or indicates bad faith. *See*

*Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013) ("When

patentees have sought unreasonable claim constructions divorced from the written description, . .

. court[s] ha[ve] found infringement claims objectively baseless."); *see also MarcTec, LLC v.*

*Johnson & Johnson*, 664 F.3d 907, 919 (Fed. Cir. 2012) ("[Plaintiff's] proposed claim

construction was so lacking in any evidentiary support that assertion of this construction was

unreasonable and reflects a lack of good faith."). In its opposition to Jaguar's motion for

summary judgment, VIT argued that the Court should construe "page" as "[o]ne complete full-

screen image, including formatting such as shapes, colors, and rotation of fonts." (D.I. 110 at

48). I construed "page" as "[a] collection or section of information that can be displayed on a

screen at one time." (D.I. 115 at 7). Although, as I previously held, the claims and specification

do not support VIT's proposed construction of "page" as a complete full-screen image, that part

of VIT's proposed construction was not utterly meritless. A complete full-screen image is

similar to the Court's construction, which provided for information "displayed on a screen at one

time," because both refer to information displayed on a screen all at once. (*See id.* at 7, 10; D.I.

143 at 20). The part of VIT's proposed construction requiring "formatting such as shapes,

colors, and rotation of fonts" (D.I. 115 at 7), on the other hand, is so lacking in support that its unreasonableness "stands out." In granting Jaguar's motion for summary judgment, I noted that VIT's claim construction was "not even close to being a proper claim construction," "not supported by the intrinsic record," and "based solely on [VIT's expert's] 'unsupported assertions.'" (*Id.* at 10).

Neither the claims nor the specification of the '677 patent require a "page" to have formatting. VIT argues that it was not unreasonable to maintain that, because the specification states that identifiers are formatted and because identifiers are part of a page, the page itself must include "formatting." (D.I. 143 at 21). The specification does disclose that an identifier "can be highlighted (i.e., a unique color, bold, designated location, reverse colors, etc.)," ('677 patent, 4:63–66), but it does not disclose that it must be "formatted." Additionally, even if "page" were construed to include "formatting," VIT could have successfully argued that the patent was both valid and infringed only by adopting an untenably fine distinction in the degree of such required formatting. (*See* D.I. 115 at 9). To that end, VIT's expert stated that the patent was not anticipated by the 2001 Mercedes because it did not disclose a screen as "aesthetically pleasing" as a screen must be to constitute a "page." (D.I. 140-17 at 54; *see* D.I. 140-17 at 49). There is no ground in the claims or specification, however, supporting an inquiry into the relative attractiveness of screens. VIT's reliance on its meritless claim construction proposal therefore supports the conclusion that this case is exceptional.

For the reasons stated above, Jaguar has not demonstrated that a need for deterrence weighs in favor of finding this case exceptional. Still, Jaguar has established that the litigation was objectively unreasonable and that VIT's litigation conduct was, at times, improperly

motivated. Considering the totality of the circumstances and weighing these relevant factors, I conclude that this is an exceptional case pursuant to 35 U.S.C. § 285.

## IV. ATTORNEYS' FEES

Having concluded that this case is exceptional, the next step is to determine the appropriate award of attorneys' fees. Jaguar maintains that VIT either was aware that the 2001 Mercedes anticipated the asserted claims when it filed the lawsuit or failed to conduct an adequate presuit investigation. (D.I. 139 at 17). In particular, Jaguar states, "Although no direct evidence links [VIT's decision not to assert infringement against Mercedes] to the 2001 Mercedes prior art, it is reasonable to infer that this decision reflects pre-suit knowledge of the 2001 Mercedes prior art, especially given that Mercedes has been targeted by VIT's principals in multiple litigations." (*Id.* at 8). Aside from the question of VIT's diligence prior to filing, Jaguar argues that a reasonable, good faith plaintiff would not have maintained the case in the face of Jaguar's disclosures specifically identifying the 2001 Mercedes as anticipatory prior art. (*Id.* at 16). Jaguar's initial invalidity contentions, served on July 1, 2013, first disclosed Jaguar's position that the 2000 Mercedes was anticipatory prior art. (D.I. 140-4 at 195; *see* D.I. 139 at 8). Jaguar's expert report on invalidity, served on May 8, 2014, asserted that the 2001 Mercedes anticipated the '677 claims. (D.I. 75; D.I. 140-17 at 23; *see* D.I. 139 at 17).

That VIT decided not to accuse some unidentified Mercedes vehicles is too speculative a basis on which to infer that VIT was aware of the 2001 Mercedes prior to filing this lawsuit. Jaguar also has not established that VIT and its counsel failed to conduct an adequate presuit investigation of the validity of the '677 patent. Although patentees and their attorneys must

8

conduct reasonable presuit investigations of their infringement assertions,[2] they are generally permitted to rely on the statutory presumption of validity. *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1303 (Fed. Cir. 2004) (holding that plaintiff's expectation of the validity of its patent was not frivolous "in light of the statutory presumption of validity . . . [and] the licenses that several companies took under the patent," even though plaintiff had received letters from accused infringers questioning the patent's validity). Thus, prior to filing suit, VIT was entitled to "rely on the presumption of validity of the '677 patent and the substantial burden facing [Jaguar] to establish invalidity by clear and convincing evidence." (D.I. 143 at 15).

For the reasons stated above, I am not inclined to award fees from the time the suit was filed. Instead, I am inclined to think that fees are appropriate from the date VIT had full notice that its case was objectively baseless in light of the invalidating 2001 Mercedes prior art.

To determine at what point after Jaguar served its initial invalidity contentions VIT should have realized that its infringement claims were objectively baseless, it would be helpful to know whether the invalidity contentions narrowly focused on the 2001 Mercedes as anticipatory prior art or listed it among voluminous contentions. *Cf. Lambda Optical Solutions, LLC*, 2013 WL 1776104, at *4 ("[G]iven the significant quantity and technical nature of the documentation provided by Alcatel in May 2012, the Court finds it reasonable to conclude that Lambda would not have been aware of the materially incomplete nature of its responses to Interrogatory Number 1 until some period of time elapsed after the May 31, 2012 production."). Further, the parties are requested to comment upon the significance of the fact that Jaguar's July 1, 2013 invalidity

---

[2] Whether patentees conducted a reasonable presuit investigation remains relevant to an exceptional case determination even after *Octane Fitness*, 134 S. Ct. at 1756, made clear that sanctionability is not a necessary condition for exceptionality. *See Yufa v. TSI Inc.*, 2014 WL 4071902, at *3 (N.D. Cal. Aug. 14, 2014) ("One consideration is the adequacy of Plaintiff's pre-filing investigation.").

9

contentions (D.I. 140-4 at 195) and VIT's responses to Jaguar's October 2013 interrogatory (D.I. 140-5 at 34–35) refer to anticipation by the "2000 Mercedes" while Dr. Green's May 7, 2014 expert report (D.I. 140-17 at 23) and the Court's summary judgment opinion (D.I. 115 at 11) conclude that the '677 patent is anticipated by the "2001 Mercedes."

## V. CONCLUSION

For the reasons stated herein, Jaguar's motion to declare this case exceptional pursuant to 35 U.S.C. § 285 is **GRANTED**. Jaguar will submit its proposed fees. VIT will have an opportunity to respond. A separate Order consistent with this Memorandum Opinion will be issued.